**H. Robert WARREN; Joan Crocker,**
**Plaintiffs–Appellants,**

v.

**CAMPBELL FARMING CORPORA-**
**TION; Stephanie Gately; Robert**
**Gately, Defendants–Appellees.**

No. 09–2169.

United States Court of Appeals,
Tenth Circuit.

Oct. 7, 2010.

Michael R. Comeau, Esq., Comeau, Mal-
degen, Templeman & Indall, LLP, Sharon
W. Horndeski, Santa FE, NM, Jaime L.
Wiesenfeld, Oletha, KS, for Plaintiffs–Ap-
pellants.

Calvin J. Hyer, Jr., Hyer, Hollowwa &
Artley, Clinton W. Marrs, Tax, Estate &
Business Law, N.A., LLC, Michael W.
Wile, Michael Wile, PC, Albuquerque, NM,
for Defendants–Appellees.

Before HARTZ, Circuit Judge,
PORFILIO and BRORBY, Senior Circuit
Judges.

## CERTIFICATION OF QUESTIONS OF STATE LAW

WADE BRORBY, Senior Circuit Judge.

The United States Court of Appeals for
the Tenth Circuit submits this request to
the Montana Supreme Court to exercise
its discretion to accept the following certi-
fied questions of Montana law pursuant to
10th Cir. R. 27.1 and Mont. R.App. P.
15(3). The answers to these questions
may be determinative of issues in a case
now pending in this court, and it appears
that there is no controlling Montana au-
thority.

### The Questions

(1) Can the safe harbor provision in
Mont.Code Ann. § 35–1–462(2)(c) be ex-
tended to cover a conflict-of-interest trans-
action involving a bonus that lacks consid-
eration and would be void under Montana
common law?

(2) Does the business judgment rule ap-
ply to situations involving a director's con-
flict-of-interest transaction?

(3) Does the holding in *Daniels v.
Thomas, Dean & Hoskins, Inc.*, 246 Mont.
125, 804 P.2d 359, 365–67 (1990), which
appears to adopt an alternative test for
evaluating whether there has been a
breach of fiduciary duties by a controlling
shareholder in a closely-held corporation,
apply to a transaction that involves a con-
flict of interest?

The Montana Supreme Court may refor-
mulate these questions.

### Factual and Procedural Background

This case involves a closely-held Mon-
tana corporation with its principal place of
business in New Mexico. During the rele-
vant time period, three shareholders con-
trolled all of the shares of the defendant
Campbell Farming Corporation ("the com-
pany"). Defendant Stephanie Gately con-
trolled 51% of the shares and Plaintiffs H.
Robert Warren and Joan Crocker con-
trolled the remaining 49% of the shares.
The company had three directors, Stepha-
nie Gately, Warren, and the company's
president, Robert Gately, who is Stephanie
Gately's son.

The transaction that gave rise to this
litigation involved a proposal by Stephanie
Gately to award a bonus in the form of
company stock and cash to her son, Robert
Gately, (for a total value of $1.2 million) to
compensate him for past service to the
company and to prevent him from resign-
ing. Robert Gately did not have to sign

any agreement or fulfill any conditions in order to receive the bonus.

After Stephanie Gately proposed the bonus in her capacity as a director, Warren requested that it be voted on by all of the shareholders. Warren and Crocker both voted their shares against the bonus. Stephanie Gately voted all of her shares in favor of the bonus. Because she controlled a majority of the shares, the bonus was approved.

Plaintiffs ultimately filed a derivative and direct action against the company and the Gatelys in federal district court in New Mexico. Plaintiffs sought to void the bonus transaction by asserting claims for breach of statutory and fiduciary duties and waste of corporate assets as well as other common law claims. The district court held a bench trial and then issued findings of fact and conclusions of law supporting a decision in favor of defendants.

*The District Court's Decision*

The district court determined that the bonus transaction was a director's conflict-of-interest transaction under Mont.Code Ann. § 35–1–461(2), but that the transaction could be saved by the safe harbor provision in § 35–1–462(2)(c) because it was "fair to the corporation," *see id.* The district court also considered the actions of Stephanie Gately and Robert Gately, as directors of the company, under the business judgment rule. That rule "immunizes management from liability in a corporate transaction undertaken within both the power of the corporation and the authority of management where there is a reasonable basis to indicate that the transaction was made in good faith." *Ski Roundtop, Inc. on behalf of Ski Yellowstone, Inc. v. Hall,* 202 Mont. 260, 658 P.2d 1071, 1078 (1983) (quotation omitted). The district court concluded that the Gatelys' actions

with respect to the bonus transaction satisfied the business judgment rule. Next, the district court considered plaintiffs' claim that Stephanie Gately, as the majority shareholder, violated her fiduciary duties to the plaintiffs as minority shareholders. The court rejected this argument under *Daniels,* 804 P.2d at 365–67, which, it held, "created a modified rule for judicial review of alleged breaches of fiduciary duty by the controlling group in closely held corporations." Aplt. App. at 30. Under the district court's interpretation of Daniels, if the controlling group in a closely held corporation can demonstrate a legitimate business purpose for its actions, and the minority stockholder cannot demonstrate a less harmful alternative, then the disputed transaction should be upheld. Applying this test to the facts of this case, the district court determined that the bonus transaction did not constitute a breach of fiduciary duties.

Finally, the district court considered plaintiffs' argument that the bonus transaction was void under Montana common law because it lacked consideration. The court noted that "R. Gately was not required to sign an employment contract in order to receive the bonus and was free to leave the Company at any time," and "[t]he fact that R. Gately stayed on as President, in the absence of an employment contract, does not provide consideration for the bonus." Aplt. App. at 33. Accordingly, the district court agreed that, under Montana common law, the bonus was awarded for past services and lacked consideration.

But the court went on to state "it is unclear to what extent this common law principle has been abrogated by the MBCA [Montana Business Corporation Act]." *Id.* The district court first considered Mont.Code Ann. § 35–1–115(11), which permits directors to "fix their [own]

compensation," but the court ultimately concluded that this provision did not appear "to abrogate common law restraints on compensating past services or wasting corporate assets." Aplt. App. at 33. The district court next considered § 35–1–115(12), which is the provision defendants relied on to support their position that the bonus was lawfully granted. That provision authorizes a Montana corporation:

> ... to pay pensions and establish pension plans, pension trusts, profit-sharing plans, share bonus plans, share options plans, and benefit or incentive plans for any or all of its current or former directors, officers, employees, and agents[.]

Mont.Code Ann. § 35–1–115(12). But the court rejected defendants' argument, explaining: "The Court agrees that the provision permits payment for past services pursuant to an *established* benefit or incentive plan. The provision does not, however, appear to cover the situation where the bonus for past services was not paid pursuant to an established bonus or incentive plan." Aplt. App. at 34.

The district court then acknowledged that there is no Montana law on point, but that other courts have held that when a board improperly awards retroactive compensation, ratification by the shareholders can validate the action. The court noted that many courts have held that only unanimous shareholder ratification can cure the defect while other courts have held that ratification by a majority of shareholders will suffice. But, the district court noted that there is disagreement as to whether the votes of interested shareholders can be counted to make up the majority in a shareholder ratification of retroactive compensation.

The court then discussed the safe harbor provision in § 35–1–462(2)(c), which allows a director's conflict-of-interest transaction to be ratified—even if it is not ratified by a majority of disinterested shareholders—as long as the transaction is fair to the corporation. The court ultimately concluded that "[t]here is no reason to believe Montana courts would not extend such a safe harbor to bonuses awarded for past services." Aplt. App. at 35.

*Arguments of the Parties*

With respect to the district court's determination that Montana would extend the safe harbor provision in § 35–1–462(2)(c) to cover a conflict-of-interest bonus transaction that lacks consideration, plaintiffs argue on appeal that the district court: (1) ignored controlling Montana common law; (2) created a new rule of law that exists nowhere in corporate jurisprudence because there is no case from any other jurisdiction that holds that a conflict-of-interest bonus transaction lacking consideration may be upheld if, in a trial court's view, it is "fair"; and (3) created a novel exception to the requirement of contractual consideration—but only for conflicted directors. Defendants do not respond to plaintiffs' specific arguments. Instead, defendants argue generally that although no Montana court has addressed the issue of whether the common law principle has been displaced or modified by the MBCA, the district court properly analyzed the question using principles of statutory construction and accurately predicted the conclusion that would issue from a Montana court.

Next, plaintiffs rely on case law from other jurisdictions to argue that the business judgment rule does not apply to director conflict-of-interest transactions. *See, e.g., In re Croton River Club, Inc.,* 52 F.3d 41, 44 (2d Cir.1995) ("It is black-letter, settled law that when a corporate director or officer has an interest in a decision, the business judgment rule does

not apply."); *Aronson v. Lewis,* 473 A.2d 805, 812 (Del.1984) (noting that the "protections [of the business judgment rule] can only be claimed by disinterested directors . . . ."), *overruled on other grounds by Brehm v. Eisner,* 746 A.2d 244 (Del. 2000). Plaintiffs further argue that the district court erred in applying the *Daniels* decision to the facts of this case because *Daniels* did not involve a conflict-of-interest transaction. Instead of responding directly to these arguments, defendants assert generally that, under *Daniels,* the "Montana modified business judgment rule" applies to this case. Aplee. Br. at 13.

### Reasons for Certification

The questions presented are state-law issues of first impression in Montana and resolution of these questions should be dispositive of the issues in this case. Further, we recognize the importance of allowing the Montana Supreme Court to decide questions of state law and policy, and thus define state law. We therefore CERTIFY these questions of Montana state law to the Montana Supreme Court. We greatly appreciate the consideration of this request.

The clerk of this court shall submit to the Supreme Court of Montana a certified copy of this order, together with copies of the briefs filed in this court and a copy of the district court's decision. The clerk of this court shall also transmit a copy of this certification order to counsel for all parties to the proceedings in this court and to the Clerk of the United States District Court for the District of New Mexico, attention case No. 6:05–CV–00441–MV–RLP.

### Counsel of Record

Plaintiffs-appellants' counsel of record are:

Michael R. Comeau

Comeau, Maldegen, Templeman & Indall, LLP

P.O. Box 669

Santa Fe, New Mexico 87504–0669

(505) 982–4611

Jaime L. Wiesenfeld

14628 S. Lucille St.

Olathe, Kansas 66062

(505) 660–6820

Defendants-appellees' counsel of record are:

Clinton W. Marrs

Tax Estate & Business Law NA LLC

4811 Hardware Dr. NE Ste A–4

Albuquerque, New Mexico 87109

(505) 830–2200

Michael W. Wile

Michael Wile PC

2001 Mountain Rd. NW

Albuquerque, New Mexico 87104

(505) 217–9536

### Conclusion

This appeal is ABATED pending resolution of the questions certified herein.